IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| CHRISTOPHER THOMAS WOOLVERTON, § <br> in his Individual Capacity and as Personal § <br> Representative of the Estate of § <br> CHRISTOPHER DOUGLAS WOOLVER- § <br> TON, Deceased, § <br>                 PLAINTIFF, § <br> vs. § <br> § <br> BRAD LIVINGSTON, *et al.*, § <br> § <br>                 DEFENDANTS. § | CIVIL ACTION CAUSE NUMBER <br><br> 2:15-CV-314-J |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE**

Before the Court is Defendants' motion, filed November 22, 2017, to strike certain exhibits offered by the Plaintiff in support of his opposition to Defendants' motions for summary judgment, and the response filed by Plaintiff. Defendants' motion to strike is granted in part and denied in part as follows.

Regarding a Rule 56 motion, the Supreme Court has stated that "where the non-moving party has presented evidence to support the essential elements of its claims but that evidence is merely colorable, or is not significantly probative, summary judgement may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-50, 106 S.Ct. at 2510-11 (citations omitted). Legal conclusions and general allegations do not satisfy that burden. *Id.*, 477 U.S. at 250, 106 S.Ct. at 2511; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790, 798 (5th Cir. 1992)(conclusory statements in affidavits do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(party and non-party affidavits setting forth

speculation or only ultimate or conclusory facts are insufficient to either support or defeat a motion for summary judgment).

"The bare allegations of the pleadings will not suffice" to show the existence of a genuine issue of material fact. *Honore v. Douglas,* 833 F.2d at 567. *Accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp.,* 477 U.S. at 323-25, 106 S.Ct. at 2553. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgement; the requirement is that there be no *genuine* issue of *material* fact." *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2510 (emphasis in original). The nonmoving party must designate specific facts showing there exists a genuine issue of material fact on those elements sought to be negated by the movant. *Id.; Celotex Corp., supra,* 477 U.S. at 322-23, 106 S.Ct. at 2553; Fed. R. Civ. Pro. 56 (e). Legal conclusions and general allegations do not satisfy this burden. *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195-96 (5th Cir. 1986). *Accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)(to defeat a motion for summary judgment, Rule 56 requires the non-moving party to set forth specific facts sufficient to establish that there is a genuine issue for trial). Mere allegations or speculation of the existence of a dispute over material facts is not sufficient to defeat a motion for summary judgment; the evidence must show that a reasonable jury could return a verdict for the non-moving party. *Id.,* 477 U.S. at 247-48, 106 S.Ct. at 2510.

A conclusory assertion is not enough evidence to raise a genuine issue of material fact. *See Lechuga v. Southern Pacific Transp. Co.,* 949 F.2d 790, 798 (5th Cir. 1992)(conclusory statements do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment); *Galindo v. Precision Am. Corp.,* 754 F.2d 1212, 1216 (5th Cir. 1985)(party affidavits setting forth only ultimate or

conclusory facts are insufficient to either support or defeat a motion for summary judgment). Similarly, it is insufficient for the non-movant to speculate or conjecture about the facts or to argue in the abstract that the legal theory involved in the case necessarily encompasses genuine factual questions. *See, e.g. Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994)(speculation and conjecture not enough to raise a genuine issue); *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94 (5th Cir. 1993); *Pennington v. Vistron Corp.*, 876 F.2d 414, 426 (5th Cir. 1989)(must be a showing of fact). *See, e.g. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 2510, 89 L.Ed.2d 538 (1986)(a genuine dispute requires more than metaphysical doubt).

Competent evidence may include sworn deposition testimony, filed admissions, sworn answers to interrogatories, sworn affidavits made on personal knowledge that set forth admissible facts (not legal or ultimate conclusions or affidavits made upon "opinion and belief"), or verified pleadings. *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988)(must be sworn affidavit, or made under penalty of perjury, or verified form of evidence); *Larry v. White*, 929 F.2d 206, 210 (5th Cir. 1991)(may be verified evidence). *But cf. Celotex*, 477 U.S. at 319, 324, 106 S.Ct. at 2551, 2553 (regarding heresay evidence, the non-moving party is not required "to produce evidence in a form that would be admissible at trial in order to avoid summary judgment.") *with Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556-57 (5th Cir. 1980), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981)(heresay evidence not competent proof in a summary judgment proceeding where offered to establish the truth of the matters asserted therein).

Based upon these authorities, the Court grants Defendants' motion to strike insofar as Plaintiff relies upon statements set forth in letters of Clements Unit inmates to counsel that contain: 1) hearsay and hearsay within hearsay, 2) speculation, 3) mere conjecture about facts, 4) conclusory statements, 5) legal or ultimate factual conclusions made upon unfounded opinions or beliefs, and

6) statements that are not significantly probative because they do not show any factual basis for how those facts can be known by the prisoner stating those alleged facts, especially given the physical configuration of the Administrative Segregation prison cells as clearly shown in the October 22, 2013 video which is in evidence in this case.

Defendants' motion is denied insofar as it seeks to strike entire statements because they are unsworn, based upon Plaintiff's express representation that counsel intends to call as witnesses at trial every one of the Clements Unit inmates whose letters to counsel are contained in the appendix filed in support of Plaintiff's response to Defendants' summary judgment motion, which are the letters Defendants seek to strike in their entirety. *See Lee vs. Offshore Logistical & Transp., LLC*, 859 F.3rd 353, 354 (5th Cir. 2017)(unsworn statements may be competent summary judgment evidence even if they are presented in a form that would not be admissible form at trial).

Denial of the Defendants' motion is not to be construed as a ruling that any of the letters or any of the statements contained therein which are at issue are admissible at trial. The Court will rule upon the admissibility of all testimony during trial, should the witness be called to testify. Denial of this motion is not to be construed as a ruling that any proposed or anticipated trial testimony of a witness or exhibit is, or is not, admissible. The Court will consider the admissibility of trial testimony if and when the witness is called, his testimony is actually offered, and such offer is timely objected to by a Defendant. Likewise, the Court will consider the admissibility of trial exhibits if and when the exhibit is actually offered and such offers are timely objected to by a Defendant.

It is SO ORDERED.

Signed this the __2nd__ day of February, 2018.

s/ Mary Lou Robinson
MARY LOU ROBINSON
SENIOR UNITED STATES DISTRICT JUDGE

4